TEXAS MIDLAND R. R. v. NELSON.

(Court of Civil Appeals of Texas. Dallas. Dec. 6, 1913. Rehearing Denied Jan. 3, 1914.)

1. EVIDENCE (§ 117*)—RELEVANCY—SHOWING BY OTHER EVIDENCE.

In an action for the value of a horse, wagon, and harness in a collision at a crossing where, though a witness testified that some six or seven years before the accident the driver was addicted to drink and when drinking was in a stupor and unconscious of what he was doing, there was no evidence that he was intoxicated at the time of the accident or that he was addicted to drink within a reasonable time prior to the accident, and the witness who found a bottle of whisky among the débris of the wagon was two blocks from the accident when it happened, evidence as to the finding of such bottle was properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 136; Dec. Dig. § 117.*]

2. TRIAL (§ 191*)—INSTRUCTIONS—PROVINCE OF JURY.

In an action for injuries to property sustained in a crossing accident, an instruction that if some one warned the driver of the approaching train, and if he heard the warning and could have stopped in time to have prevented the accident but failed to do so, to find for defendant was properly refused even if otherwise proper, since it made the failure to heed such warning negligence per se, while it would not constitute negligence unless an ordinarily prudent person under all the facts and circumstances would have observed it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 307, 308; Dec. Dig. § 191.*]

3. RAILROADS (§ 351*)—CROSSING ACCIDENTS —ACTIONS—INSTRUCTIONS.

In an action for injury to property in a crossing accident, an instruction that if the engineer believed that plaintiff's driver saw the approaching train and believed that he would stop, and if when he attempted to cross the engineer did all he could to prevent the injury, to find for defendant was properly refused where there was evidence that the driver's view of the crossing was obstructed by defendant's cars on a siding, since it permitted the jury to find for defendant, even though the driver went upon the track as the result of defendant's negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by J. R. Nelson against the Texas

Midland Railroad. Judgment for plaintiff, and defendant appeals. Affirmed.

H. C. Coke and S. W. Marshall, both of Dallas, and Dashiell, Crumbaugh & Coon, of Terrell, for appellant. Ed. R. Bumpass, of Terrell, for appellee.

RASBURY, J. The appellee sued appellant in the court below for $200, alleged to be the value of a horse, wagon, and harness destroyed by appellant in a collision in the town of Terrell at the intersection of appellant's road and Moore avenue, a public highway, between appellant's train and appellee's wagon while being driven by John Wiggins. The grounds of negligence alleged by appellee, the defenses urged by appellant, and the evidence adduced upon trial of the case are substantially identical with those set out in our opinion delivered November 29, 1913, in the case of Texas Midland Railroad v. John Wiggins, 161 S. W. 445, not yet officially reported, which are adopted as a part of this opinion, except where departed from. Wiggins was appellee's driver, and the opinion referred to disposes of an appeal taken by appellant in this case from a judgment for Wiggins for damages for injuries sustained by Wiggins in said collision, which at the same time destroyed the property herein sued for. Upon trial of this case appellee recovered verdict for $150.

The issues raised on this appeal by appellant under authority of its first, second, third, fourth, fifth, seventh, and eighth assignments of error are decided adversely to appellant in the Wiggins Case, and for that reason we will not discuss them here.

[1] On the trial of the Wiggins Case appellant offered to prove by its witness Clark the presence of a bottle containing whisky in the wagon driven by Wiggins in substantiation of the allegation that Wiggins was drunk on the morning of the accident and appeared drowsy and careless on approaching the crossing where the collision occurred. There we held that no proof having been offered that Wiggins was intoxicated at the time of the accident, and the witness who found the bottle being two blocks from the accident, and the bottle being found among the débris of the wagon after it was demolished, the proof was too remote. On the trial of this case the same witness was offered, the jury withdrawn, and the witness examined, who testified, as he did on the trial of the Wiggins Case, of finding the bottle containing whisky, and then testified that Wiggins was once in his employ for a period of a year, during which time he was a whisky "fiend" or "worm," and when drinking was in a stupor and in substance unconscious of what he was doing. On cross-examination witness said it had been six or seven years since he employed Wiggins, since which time he had seen him daily, with occasional lapses, but had never seen him intoxicated during said period of

years, nor had he seen him in the stupid condition described by witness, nor did witness see him drinking prior to or at the time of accident. The court declined to permit the witness to testify as above indicated to the jury. The court's action is assigned as error. We are of opinion that the facts above detailed do not in any respect cure the objection found by us on trial of the Wiggins Case. It is clear that in the absence of other facts or circumstances having some reasonable proximity to the time of the accident, indicating the drink habit on the part of Wiggins, and in the absence of any definite fact or circumstance tending to prove drunkenness on the day of the accident, evidence that six or seven years ago he was addicted to drink would also be speculative and remote, and hence inadmissible in support of the allegation of drunkenness, and insufficient to support a charge upon such issue.

[2] The court did not err in refusing to instruct the jury as requested by appellant that if some one warned Wiggins of the approaching train by halloaing to him and he heard the warning and could have stopped his horse in time to have prevented the accident, but failed to do so, to then find for appellant. Assuming the facts raised the issue covered by this charge, and conceding the right of appellant to have the facts constituting its defense grouped, yet an analysis of the charge discloses that the failure to heed the warning is made negligence per se, while the correct rule is that Wiggins should have observed the warning, if the jury believed that an ordinarily prudent person under all the facts and circumstances would have done so.

[3] The tenth and eleventh assignments of error complain in substance of the refusal of the court to instruct the jury that if appellant's engineer believed that Wiggins saw the approaching train and believed that he would stop and not attempt to cross the track, and that when he did attempt to cross the engineer did all he could do to prevent the injury, to then find for appellant. Without attempting a discussion at length of this issue, we are of opinion that it is sufficient to say that the charge should not have been given. It ignored and withdrew from the jury a consideration of the duties imposed by law upon appellant under the issues made by appellee. It permitted the jury to find for the appellant, even though Wiggins got upon the track as the result of the negligence of appellant. The evidence sustained the finding of the jury that Wiggins was placed in a position of danger because his view of the crossing was obstructed by appellant's cars on a siding. Whether this was true or not, it was in evidence before the jury, and if the jury believed it, as the verdict indicates, the effect of the charge would have been to tell the jury that, even though he was in a position of danger brought about by the negli-

gence of appellant, nevertheless appellant would not be liable if its engineer believed he was not in a position of danger or did all he could to prevent the accident when Wiggins' danger was apparent and when it was too late for Wiggins to avoid the collision.

The judgment is affirmed.